UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

                                       **MEMORANDUM & ORDER**

-against-                                           04-CR-1016 (NGG)

RONELL WILSON,

                Defendant.

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Ronell Wilson's motion to strike Juror #1594 for cause. For the reasons set forth below, the motion is DENIED.

**I.    BACKGROUND**[1]

The court is currently conducting oral voir dire to select a jury that will decide whether Wilson will be sentenced to death or to life in prison without the possibility of release at an upcoming penalty phase re-trial scheduled to begin on June 24, 2013.

Wilson contends that Juror #1594 must be struck because she cannot meaningfully consider mitigation evidence. Relying on Juror #1594's initial responses at voir dire and her "flat" affect, Wilson argues that Juror #1594 is substantially impaired. The Government opposes this motion and maintains that although Juror #1594 may favor imposing the death penalty given the facts presented, she, like Juror #823, could meaningfully consider all mitigation evidence and both possible penalties.

---

[1]     The court will discuss only the background pertinent to the issues addressed in this opinion. Additional background can be found in the Second Circuit's decision in this case. See United States v. Whitten, 610 F.3d 168, 173-77 (2d Cir. 2010).

1

## II. STANDARD OF REVIEW

### A. Consideration of Mitigation Evidence

To be a qualified juror in a capital case, a person must, among other things, be open to considering relevant mitigation evidence. "[T]he sentencer [may not] refuse to consider, *as a matter of law*, any relevant mitigating evidence. . . . The sentencer . . . may determine the weight to be given relevant mitigating evidence[, b]ut [it] may not give it no weight by excluding such evidence from [its] consideration." Eddings v. Oklahoma, 455 U.S. 104, 113-14 (1982) (emphasis in original); see also 18 U.S.C. § 3592(a) ("In determining whether a sentence of death is to be imposed on a defendant, the finder of fact *shall consider* any mitigating factor . . . ." (emphasis added)); cf. Morgan v. Illinois, 504 U.S. 719, 729 (1992) (stating that a defendant may challenge for cause a "juror who will automatically vote for the death penalty in every case [because he] will fail in good faith to consider the evidence of aggravating and mitigating circumstances as the instructions require him to do"). Similarly, a death-eligible defendant is entitled to have the jury "consider[], as a mitigating factor, any aspect of [his] character or record and any circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Lockett v. Ohio, 438 U.S. 586, 604 (1978) (emphasis removed).

### B. Indications of One's Likely Vote

The court has previously ruled that a prospective juror, having been presented with numerous detailed facts of this case, is not necessarily unqualified solely because she indicates that she is likely to impose a particular penalty. (See May 24, 2013, Mem. & Order (Dkt. 1221) at 8-9.) Rather, "so long as the juror is open to meaningfully considering other evidence and has not foreclosed the possibility of imposing a life sentence," she is qualified. (Id. at 8-9; see also id. at 8 ("If their answers, taken as a whole, demonstrate they are able to engage in the

constitutionally- and statutorily-required weighing process, an indication that they may initially lean toward one penalty or the other is not inherently disqualifying.").)

## III. DISCUSSION

Wilson moves to strike Juror #1594 for cause. That motion is denied.

Juror #1594's questionnaire depicts a fair and balanced juror open to considering all forms of mitigation evidence. When asked whether she would be unable to impose a life sentence if Wilson were proven to be a future danger, Juror #1594 checked the "No" box, writing, "I have to see or hear evidence to decide." (Questionnaire Response #44.) Juror #1594 also indicated that "childhood experience[s] may play a significant role in [a] person's behavior." (Id. #46(a).) And when asked whether such information should be considered in making the penalty decision, Juror #1594 wrote, "Somewhat. This is very individual." (Id. #46(b).)

Wilson strenuously argues that Juror #1594's initial indication at voir dire concerning background mitigation evidence is disqualifying.[2] After the court explained the concepts of mitigating and aggravating evidence, it asked if there is "anything that [Juror #1594] would like to know in particular about his background, his family or his upbringing that might help you in determining what the sentence should be." (May 28, 2013, Hr'g Tr. at 3248:1-6.) Juror #1594 replied, "No, not really." (Id. at 3248:7.) Wilson argues this response was given with a "flat" affect and that despite her later answers to the contrary, Juror #1594 will not meaningfully consider childhood experience evidence in mitigation. The court disagrees.

---

[2] Although not specifically identified by the defense, the court notes that Juror #1594's initial response implying that she could not impose a life sentence (May 28, 2013, Hr'g Tr. at 3249:20-3250:1) is also not disqualifying. She immediately and confidently clarified that she would not always impose the death penalty, and that her decision would "[d]epend[] on what [she is] being told and what [she] hear[s]." (Id. at 3250:16-23; see also Questionnaire Responses #53-#55.) That she may "lean[]" toward the death penalty under the facts presented (May 28, 2013, Hr'g Tr. at 3250:14-15) is not inherently disqualifying (see May 24, 2013, Mem. & Order).

3

The court believes that Juror #1594's demeanor with which she gave this answer reflected slight confusion and an inability to freely recall specific items of childhood mitigation evidence, not an inability to meaningfully consider such evidence. Rather, the court found Juror #1594's later answers indicating her ability to consider mitigation evidence—which were given after she had some time to consider the issue—are credible and more revealing of her true beliefs. (See, e.g., id. at 3248:23-3249:2 ("THE COURT: Well, the question is: Are you open to considering such evidence if it is presented to you? Will you give it meaningful consideration? THE PROSPECTIVE JUROR: Yes, if it is presented to me."); id. at 3249:3-8 ("THE COURT: So, your view is that childhood experiences can be of significance in making a decision? This is not a decision about guilt. This is a decision about sentence. So, do you think that it could be of some significance to you if presented to you? THE PROSPECTIVE JUROR: Some, not all."); id. at 3256:15-19 ("THE COURT: In terms of evidence about the defendant's upbringing, could you meaningfully consider that evidence in terms of your weighing the appropriate penalty in this case? THE PROSPECTIVE JUROR: Yes.").) Such responses also coincide with Juror #1594's questionnaire answer indicating that she could consider childhood experiences. (See Questionnaire Response #46; see also id. #69 (when asked "[h]ow, if at all . . . growing up in a high-crime community affects a person as an adult," stating, "Probably a lot").)

In all, the court found Juror #1594 to be a thoughtful, open-minded, and intelligent juror capable of meaningfully considering both possible punishments and all forms of mitigation evidence. Juror #1594's initial inability to freely recall specific items of Wilson's background that may be important to her penalty decision—an answer that is not very probative given her unfamiliarity with death penalty cases, and one given by numerous jurors previously qualified— does not overcome her repeated, confident, and credible answers evincing her ability to

4

meaningfully consider mitigating circumstances, including childhood experiences.  Accordingly, Wilson's motion is denied.

**IV.     CONCLUSION**

Wilson's motion to strike Juror #1594 is DENIED.

SO ORDERED.

    /s/ Nicholas G. Garaufis   
Dated: Brooklyn, New York                                     NICHOLAS G. GARAUFIS
       May 29, 2013                                        United States District Judge