UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

-against-

**04-CR-1016 (NGG)**

RONELL WILSON,

               Defendant.

-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Pursuant to the court's directive (see June 21, 2013, Mem. & Order (Dkt. 1311) at 4 n.3), Defendant Ronell Wilson has renewed his request to exclude evidence of his conduct immediately after the original jury read its death verdict. For the reasons set forth below, this motion is DENIED; he may inquire about the circumstances surrounding his conduct as explained below.

**I.    BACKGROUND**

On June 21, 2013, the court granted in part the Government's motion to introduce evidence that Wilson stuck out his tongue at the victims' families immediately after the first death verdict was read in open court. (Id.) It permitted only the victims' wives to testify about these events, excluding other testimony and a sketch depicting the incident. (See id.) Because the defense had not submitted a written proffer of any evidence it might introduce, the court authorized Wilson to submit further evidence that supports exclusion. (See id. at 4 n.3)

On June 23, 2013, Wilson wrote to the court asserting that to not mislead the jury, proper context must be given about the events surrounding the reading of the death verdict, specifically that (1) the victims' families cheered upon hearing the verdict; and (2) Wilson's brother cursed

the jurors. (See June 23, 2013, Def. Ltr. (Dkt. 1322) at 1-2.) He argues that because this information would be inadmissible (the first, pursuant to Payne v. Tennessee, 501 U.S. 808 (1991), and the second, as unduly prejudicial), Wilson's conduct must also be excluded. (Id.) Wilson, however, acknowledges that he has no evidence to rebut the Government's factual proffer on this issue, instead noting that the victims' wives—who, according to the Government, will testify that Wilson directly looked at them and stuck out his tongue—made apparently contrary statements to the media. (Id. at 2-3.)

## II. DISCUSSION

Wilson's request to bar the admission of the victims' wives testimony is denied. First, the court is confident that if he wishes, Wilson can provide proper context to his conduct after the death penalty verdict was read without running afoul of Payne or 18 U.S.C. § 3593(c). Wilson (and/or the Government) are entitled to generally elicit that after the verdict was read, but before Wilson stuck out his tongue, there was a commotion. Either party may also elicit (or attempt to elicit) that Wilson's act was in response to that disturbance. However, the court will not permit the introduction of evidence concerning whether the victims' families reacted positively upon hearing the death sentence (and thus not violate Payne), or to identify what Wilson's brother purportedly said to the jurors (and thus not introduce unfairly prejudicial evidence). More generalized testimony is all that is necessary to avoid misleading the jury. Accordingly, Wilson can provide mitigating context to his actions without the introduction of inadmissible evidence.

Second, Wilson is free to impeach the victims' widows about their apparently contradictory statements made to the media. The fact that certain newspapers reported that these women said that they did not observe Wilson's actions does not overcome the Government's

2

straightforward proffer to the contrary.  These two women will testify *under oath* that they observed Wilson directly stick his tongue out to them in an offensive manner, which directly bears on his intent and, accordingly, lack of remorse.  Given the precautions detailed above and in the court's original decision, the danger of unfair prejudice is minimal.  See 18 U.S.C. § 3593(c).  Accordingly, Wilson's renewed objection is denied.

### III.    CONCLUSION

Wilson's request to bar the admission of testimony concerning his conduct immediately after the first death penalty was announced is DENIED.

SO ORDERED.

|  |  |
|---|---|
| Dated: Brooklyn, New York<br>June 25, 2013 | /s Nicholas G. Garaufis<br>NICHOLAS G. GARAUFIS<br>United States District Judge |