UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

                  **MEMORANDUM & ORDER**

  -against-                 **04-CR-1016 (NGG)**

RONELL WILSON,

      Defendant.

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

  Mitchell Diaz, who has been served with a subpoena to testify in Defendant Ronell Wilson's penalty phase re-trial, has informed the court that he intends to invoke his Fifth Amendment right against self-incrimination. For the reasons set forth below, Diaz is hereby ORDERED to testify; if he does not, he will be subject to a finding of contempt of court.

**I. BACKGROUND**

  Mitchell Diaz has twice described in detail his involvement in the murders of Detectives James V. Nemorin and Rodney J. Andrews: once before a grand jury and then at Wilsons's original trial in 2006.

  At the penalty phase re-trial, the Government intends to again call Diaz to describe his (and Wilson's) participation in the two murders. (See June 25, 2013, Hr'g Tr. at 4520:11-19.) Diaz, through counsel, informed the court that he intends to invoke his Fifth Amendment right against self-incrimination. (See id. at 4658:1-14.) The Government, however, proffered that it would ask Diaz precisely the same questions that were asked at the first trial, and agreed that Diaz could selectively invoke his right to remain silent if any questions were beyond the scope of his original testimony. (See June 25, 2013, Hr'g Tr. at 4661:1-10, 4663:4-9.) Nevertheless, Diaz

1

has informed the court that he intends to "remain silent and invoke his Fifth Amendment right against self-incrimination." (June 25, 2013, Diaz Ltr.)

**II. DISCUSSION**

A witness may waive his Fifth Amendment right against self-incrimination by testifying voluntarily at a criminal proceeding. See Mitchell v. United States, 526 U.S. 314, 321-22 (1999). This waiver is not unlimited; a witness who testifies at one proceeding is not *necessarily* barred from invoking his Fifth Amendment right at a later proceeding. See United States v. Spinelli, 551 F.3d 159, 166-67 (2d Cir. 2008).

However, absent some indication that his current testimony might subject him to *further* incrimination, a witness may not invoke his Fifth Amendment right after having already testified about the events in question. See Rogers v. United States, 340 U.S. 367, 441 (1951); see also United States v. Balsys, 119 F.3d 122, 139 (2d Cir. 1997), rev'd on other grounds, 524 U.S. 666 (1998) ("[W]hen a witness makes voluntary statements on a subject, he implicitly waives any subsequent claim of the privilege with respect to that subject."). For instance, in United States v. Allmon, 594 F.3d 981 (8th Cir. 2010) (a non-binding case cited by Diaz (see June 25, 2013, Diaz Ltr. at 1)), the Eighth Circuit recognized that the witness could not invoke his Fifth Amendment rights after having previously testified about the same events because he did not "assert[] some *new ground* for apprehension." Id. at 985 (emphasis added). Thus, the court noted that:

> The testimony that the Government sought to elicit in the [new] trial was *precisely the same* as that which Appellant had already given at [the previous] trial. Testifying consistently with his prior testimony would not expose Appellant to any further jeopardy beyond that which existed by virtue of prior testimony.

Id. (emphasis added). As there was zero likelihood of further exposure to criminal liability, the witness's privilege against self-incrimination did not apply. See id.

2

Here, Diaz argues that he "still faces legal jeopardy for a felony murder charge in Richmond County" because he only plead guilty to one murder in state court, and has "no agreement with the Richmond County District Attorney that such a charge [relating to the other victim in this case] will not be pursued." (June 25, 2013, Diaz Ltr. at 1.) This exposure, however, is exactly the same risk he faced when he testified voluntarily (and pursuant to a plea agreement) at Wilson's original trial in 2006. Circumstances between the original trial and the penalty phase re-trial have not changed; Diaz is not subject to any new criminal liability. Cf. Allmon, 594 F.3d at 985 (noting that some courts have permitted invocation of one's Fifth Amendment right at later proceedings "because circumstances have changed between the two proceedings"). To the contrary, it has been *over six years* since Diaz's first testimony (and over ten since the two murders). As the statutes of limitation for any non-capital charges have surely expired, Diaz actually faces *less* exposure than he did when he first testified. (See June 25, 2013, Hr'g Tr. at 4659:14-16.) Thus, Diaz must testify about the matters he discussed in his 2006 testimony.

Diaz's contention that only a slight likelihood of criminal prosecution is necessary to justify an invocation of the Fifth Amendment, while arguably correct, is a red herring. (See June 25, 2013, Diaz Ltr. at 1-2.) True, as Diaz argues (see id. at 2) the Second Circuit noted over fifty years ago that a remote possibility of criminal prosecution can support one's right against self-incrimination. See United States v. Miranti, 253 F.2d 135, 139 (2d Cir. 1958). But there is no *difference* in likelihood of apprehension between Diaz's first appearance *in this very case* and his anticipated testimony at the penalty phase re-trial,. See Balsys, 119 F.3d at 139 ("'[A] waiver of the privilege in one

proceeding does not affect the rights of a witness or the accused in another *independent* proceeding.'" (quoting Miranti, 253 F.2d at 139) (emphasis added)). The court accepts the Government's proffer that it will not "subject [Diaz] to different interrogation for different purposes." (June 25, 2013, Diaz Ltr. at 2 (quoting Miranti, 253 F.3d at 140).) And should the Government stray, Diaz (with the benefit of counsel) may selectively invoke his Fifth Amendment right against self-incrimination if he is asked to testify about any matters not addressed during his 2006 testimony. Diaz's blanket assertion of his Fifth Amendment rights, however, is improper.

### III. CONCLUSION

Under penalty of contempt, Mitchell Diaz must testify about the matters to which he testified at Wilson's 2006 trial.

SO ORDERED.

Dated: Brooklyn, New York  
      June 26, 2013

/s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge